RAYMOND B. DOE*

*vs.*

KATHERINE E. DOE*

Superior Court      New Haven County      File No. 61608

* Alias substituted for true names of parties by permission of the court.

MEMORANDUM FILED SEPTEMBER 15, 1942.

*Franklin Coeller,* of New Haven, for the Plaintiff.

*FitzGerald, Foote & FitzGerald,* and *Charles Albom,* of New Haven, for the Defendant.

Memorandum of decision on demurrer to remonstrance.

MUNGER, J. The plaintiff and defendant were married at Danbury on September 21, 1939. The plaintiff has now brought this suit claiming an annulment of this marriage upon the ground that it was performed in express violation of section 1595c of the 1935 Cumulative Supplement to the General Statutes. Subdivision (b) of this statute provides as follows: "No application shall be accepted by such registrar until there shall be in the possession of such registrar a statement or statements signed by a licensed physician that each applicant has submitted to a Wasserman or Kahn or other similar standard laboratory blood test and that, in the opinion of such physician, the person is not infected with syphilis or in a stage of that disease that may become communicable and such statements shall be accompanied by a record of the standard laboratory blood tests made, which record shall contain the exact name of such applicant."

The case was referred to a state referee. The report finds that when the registrar issued the marriage license he had in his possession "a statement signed by a licensed physician that the defendant had submitted to a standard laboratory blood test and that in his opinion she was not infected with syphilis or in a stage of that disease that may become communicable, also a certificate by the Director of the Bureau of Laboratories of the State Department of Health that a standard laboratory blood test performed on a blood specimen submitted in the name of the defendant had been reported to the physician who made the statement. The statement was not accompanied by a record of the standard laboratory blood tests made."

The report of the referee further finds as stated in paragraph 6 as follows: "At the time of the application of the defendant for a marriage license, she was to the knowledge of the physician who made the accompanying statement infected with syphilis which would be transmissible to her children, but not in a stage of that disease that was communicable."

It also found that at the time of the application of the mar-

riage license the plaintiff knew the defendant was infected with syphilis.

The defendant has filed a remonstrance to the referee's report but the remonstrance is fatally defective for its failure to comply with the rule and the plaintiff's demurrer to the remonstrance well points out this fact.

Section 173 of the Practice Book (1934) provides that a remonstrance to the report of a committee may be filed upon the ground "that it contains a material fact found without evidence or omits to find a material fact which is admitted or undisputed."

The remonstrance is bad because it does not allege that the facts sought to be added were material. Furthermore, the facts sought to be added to the report do not in any way avail the defendant.

The case as it stands calls only for the proper construction of the statute above quoted, section 1595c. It is apparent that an essential provision of this statute was not complied with, that is to say when the statement of the physician was filed with the registrar it was not accompanied by a record of the standard laboratory blood test made. The only thing that accompanied the statement was a certificate by the Director of the Bureau of Laboratories of the State Department of Health that a standard laboratory blood test had in fact been made and reported to the physician who made the statement. This certificate is not at all the thing that the statute expressly requires. It is a record of the standard laboratory blood test made which must be filed with the statement. A certificate that a test has been made is one thing. The record required by the statute is quite another thing.

The position taken by the defendant is that the marriage license could lawfully issue because it is not found that the defendant was in a stage of disease that was communicable. The report of the referee expressly finds however that the defendant was "infected with syphilis which would be transmissible to her children."

All of the facts found by the referee are abundantly supported by the transcript of evidence filed. The social implication of the construction of the statute urged by the defendant would certainly be inconsistent with the object which the stat-

ute was intended to accomplish. The State is as much interested in preventing the transmission of syphilis to the children of a marriage as it is in preventing the communication of the disease by the parties.

It is impossible to find from a perusal of the record that the provisions of the statute were complied with and the demurrer points out therefore that the remonstrance is insufficient. The question then before the court is merely whether the court shall overrule the remonstrance and accept the report. Section 175 of the Practice Book (1934) provides: "If the court overrules a remonstrance it shall accept the report and render judgment thereon." The following section 176 provides that "no motion to accept a report is necessary."

The remonstrance must be overruled and upon the facts found by the referee judgment must enter and is hereby rendered for the plaintiff.